UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TEQUAN DOE,

                Plaintiff,

        -against-

THE CITY OF NEW YORK, et al.,

                Defendants.

1:22-CV-7910 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff "Tequan Doe," who appears *pro se*, filed this *pro se* action electronically by emailing his complaint to the court's temporary e-filing mailbox. The name "Tequan Doe" may be a pseudonym, as Plaintiff alleges in his complaint that, with regard to the events that are the basis for his claims, police referred to him as "James." (ECF 1, at 8.)

Plaintiff has not provided his postal address, email address, or telephone number in his complaint, nor has he submitted a consent to electronic service of court documents. By order dated September 16, 2022, the Court directed Plaintiff, within 30 days, to either pay the fees to bring this action or submit an *in forma pauperis* application. (ECF 2.) Because Plaintiff did not provide a means by which the Clerk of Court could serve him with that order, by order dated September 19, 2022, the Court directed the Clerk of Court to email to Plaintiff notice of the Court's September 16, 2022, order at the email address Plaintiff used to file this action. (ECF 3.) On September 22, 2022, Plaintiff paid the fees to bring this action, and on that date, the Clerk of Court issued summonses.

The Court construes Plaintiff's complaint as including a request for Plaintiff to proceed under a pseudonym. For the reasons discussed below, the Court denies that request, and directs

Plaintiff to file, within 30 days, an amended complaint in which he refers to himself using his legal name and lists his postal address, email address, and telephone number.

## DISCUSSION

### A.      Request to proceed under a pseudonym

Because Plaintiff refers to himself in his complaint as "Tequan Doe," but alleges that police have referred to him as "James" (ECF 1, at 8), the Court understands Plaintiff's complaint as including a request that Plaintiff proceed in this action under a pseudonym. Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). Courts have, however, permitted a party to proceed under a pseudonym in a limited number of circumstances. When a court is deciding whether to permit a party to proceed under a pseudonym, the United States Court of Appeals for the Second Circuit has articulated the following nonexhaustive list of ten factors that a court should consider:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or

otherwise, there is an atypically weak public interest in knowing the litigants'
identities; and (10) whether there are any alternative mechanisms for protecting
the confidentiality of the plaintiff.

*Id.* at 189-90 (alterations, ellipses, quotation marks, and citations omitted). "[T]his factor-driven

balancing inquiry requires a district court to exercise its discretion in the course of weighing

competing interests. . . ." *Id.* at 190. (citation omitted).

Plaintiff alleges that Defendants Island Rehabilitation Services, Inc.; Lenox Hill Hospital;

and Joshua Schwimmer (a physician) have provided health care to him, and that at least one of

them, if not, all of them are responsible for requesting that members of the New York City Police

Department ("NYPD") visit Plaintiff at his Manhattan apartment to conduct a "wellness check."

He also alleges that as a result of that request, on or about June 30, 2022, Defendants "John

Doe 1" and "John Doe 2" – unidentified NYPD police officers – visited Plaintiff's apartment to

conduct that "wellness check." Plaintiff does not allege that the police officers actually entered

his apartment, but that they knocked on his door, called out his name, and spoke about Plaintiff

to his apartment superintendent and to his neighbors. He also alleges that he did not answer the

police, but that while the police were knocking on his door, at least one of the other defendants

attempted to telephone him and sent text messages to him, and that he fled his apartment to avoid

the police.

None of these allegations, however, provide cause for the Court to allow Plaintiff to

proceed under a pseudonym. Thus, to the extent that Plaintiff requests to proceed under a

pseudonym, the Court denies that requests and directs Plaintiff to file, within 30 days, an

amended complaint in which he refers to himself using his legal name.

**B.      Postal address, email address, and telephone number**

Under Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written

motion, and other paper must be signed by at least one attorney of record in the attorney's name

– or by a party personally if the party is unrepresented. The paper must state the signer's address,

e-mail address, and telephone number." Fed. R. Civ. P. 11(a). Plaintiff's complaint does not

include Plaintiff's postal address, email address, or telephone number. Accordingly, in his

amended complaint, Plaintiff must provide his postal address, email address, and his telephone

number.[1]

## CONCLUSION

The Court construes Plaintiff's complaint as including a request for Plaintiff to proceed

under a pseudonym. The Court denies that request, and directs Plaintiff to file, within 30 days, an

amended complaint in which he refers to himself by his legal name. The Court also directs

Plaintiff to include, in his amended complaint, his postal address, email address, and telephone

number.

Defendants need not respond to Plaintiff's pleading until after he has filed an amended

complaint in compliance with this order.

If Plaintiff does not file an amended complaint within the time allowed, the Court will

dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

---

[1] If Plaintiff wishes to be served with court documents for this action electronically, he must read the court's instructions about consenting to electronic service of court documents, and he must submit a consent form. If he wishes to file submissions for this action electronically, he must file with the court a motion for permission for electronic case filing, and the Court must grant that motion before he may do so. Even if Plaintiff consents to electronic service of court documents, or is granted permission by the Court to file electronically, he is still required to comply with Rule 11(a)'s requirements as discussed above.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to email notice of this order to Plaintiff at the email address Plaintiff used to file this action. The Court warns Plaintiff that this is the last time that he will be notified in this manner of the issuance of an order of the Court.

SO ORDERED.

Dated:   October 3, 2022
        New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge