UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEQUAN DOE, | |
| Plaintiff, | 1:22-CV-7910 (LTS) |
| -against- | ORDER |
| THE CITY OF NEW YORK, et al., | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated October 3, 2022, and entered one day later, on October 4, 2022, the Court construed Plaintiff's complaint as including a request for Plaintiff, who appears *pro se* and under the name "Tequan Doe," to proceed under a pseudonym; the Court denied that request and directed Plaintiff to file, within 30 days, an amended complaint in which he refers to himself using his legal name and in which he provides his postal address, email address, and his telephone number. (ECF 4.) In that same order, the Court, noting that Plaintiff had paid the fees to bring this action and that the Clerk of Court had issued summonses, instructed that Defendants need not respond to Plaintiff's pleading until after Plaintiff had filed an amended complaint in compliance with that order. (*Id.*)

On October 20, 2022, Plaintiff filed a letter in which he requests that the Court: (1) "stay," for 60 days, the Court's direction to Plaintiff to file an amended complaint in compliance with the Court's October 3, 2022, order; (2) grant Plaintiff leave to file a motion to proceed anonymously or under seal; and (3) grant Plaintiff leave to file his letter under seal.[1] (ECF 5.) On that same date, Plaintiff also filed an application for immediate injunctive relief

---

[1] Plaintiff filed a redacted version of this letter, but did not provide the Court with an unredacted version of it.

(ECF 6) and a declaration in support of that application (ECF 7) ("declaration") in which

Plaintiff asks the Court to direct the health-care provider defendants to:

> (1) [p]roduce both previously written authorizations and show cause before this court as to why either or both of them are insufficient as a matter of law to secure release of the sought records[,] (2) [t]o show cause, why [they] refused to explain [their] rationale to [] Plaintiff for withholding the treatment records[,] (3) [t]o show cause as to why [they] refused to give [Plaintiff] a statement of his account as required and explain any legal reasoning on which [they] concluded that withholding it was legally permitted[,] [and] (4) . . . [t]o show cause why . . . the allegations advanced herein should not result in [an] order being issued for sanctions against [them] and [their] counsel.

(ECF 7, at 7).[2]  On October 25, 2022, Plaintiff filed a two-page document styled as "Supporting

Documents in Support of Order to Show Cause Application/Request for Partial Stay of

Proceedings/ And Application to Seal Documents Pending Resolution of Motion for Leave to

File Motion to Proceed Under a Pseudonym," in which he attaches no documents, but recounts

his unsuccessful efforts to procure copies of his medical records from the health-care provider

defendants and their counsel. (ECF 8.)

     In light of Plaintiff's *pro se* status, the Court construes Plaintiff's letter as a Local Civil

Rule 6.3 motion for reconsideration of the Court's ruling, in its October 3, 2022, order, denying

Plaintiff's previous request to proceed under a pseudonym. The Court also construes the letter as

seeking relief, under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"), from the

Court's October 3, 2022, denial of Plaintiff's previous request to proceed under a pseudonym.

The Court further construes Plaintiff's letter to include a request to seal that letter. For the

reasons discussed below, the Court denies all of those requests for relief without prejudice to

Plaintiff's filing a motion to proceed in this action under a pseudonym or under seal that is

---

[2] In addition to filing only a redacted version of his letter with the court, Plaintiff filed a redacted version of his declaration, but did not provide the court with an unredacted version of it.

accompanied by both a redacted and unredacted version of an amended complaint filed in compliance with the Court's October 3, 2022, order. In addition, for the reasons discussed below, the Court denies Plaintiff's application for immediate injunctive relief without prejudice to renewal of that application after Plaintiff has filed an amended complaint in compliance with the Court's October 3, 2022, order.

## DISCUSSION

### A.     Local Civil Rule 6.3 reconsideration relief

Because Plaintiff did not show cause, in his complaint, for the Court to allow him to proceed under a pseudonym, the Court, in its October 3, 2022, order, specifically denied Plaintiff's request to proceed under a pseudonym. (ECF 4, at 2-3.) Contrary to that ruling and without the Court's leave, Plaintiff has filed his latest submissions under a pseudonym. Among other things, he seeks a "stay" of the Court's October 3, 2022, order; leave to file a motion to proceed under a pseudonym or under seal; and for one of his latest submissions to be sealed. In doing so, Plaintiff all but explicitly requests reconsideration, under Local Civil Rule 6.3, of the Court's denial, in its October 3, 2022, order, of Plaintiff's previous request to proceed under a pseudonym.

A Local Civil Rule 6.3 motion for reconsideration must be filed within 14 days of the entry of the order that the movant seeks to challenge. *See* Local Civil Rule 6.3. To the extent that Plaintiff seeks Local Civil Rule 6.3 reconsideration relief from the Court's determination, in its October 3, 2022, order, denying Plaintiff's previous request to proceed under a pseudonym, the Court must deny that request as untimely. The Court's October 3, 2022, order was entered one day later, on October 4, 2022. Plaintiff, in his letter, acknowledges receipt of that order on October 5, 2022. (ECF 5, at 1.) He had 14 days from the date of the entry of that order, or until

3

October 18, 2022, to file a timely Local Civil Rule 6.3 motion for reconsideration. Plaintiff did

not file his letter, which the Court has construed, in part, as a request for such relief, until two

days later, on October 20, 2022. The Court therefore denies Plaintiff's request for Local Civil

Rule 6.3 reconsideration relief as untimely, but without prejudice to Plaintiff's filing a motion to

proceed in this action under a pseudonym or under seal, in which he alleges specific facts

showing cause for the Court to allow Plaintiff to proceed under a pseudonym or under seal, and

that is accompanied by both redacted and unredacted versions of an amended complaint filed in

compliance with the Court's October 3, 2022, order.

**B.      Rule 60(b) relief**

The Court also construes Plaintiff's letter as seeking Rule 60(b) relief from the Court's

October 3, 2022, denial of Plaintiff's previous request to proceed under of pseudonym. Under

Rule 60(b), a party may seek relief from a district court's order or judgment for the following

reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered in time
> to move for a new trial under Rule 59(b); (3) fraud (whether previously called
> intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing
> party; (4) the judgment is void; (5) the judgment has been satisfied, released, or
> discharged; it is based on an earlier judgment that has been reversed or vacated; or
> applying it prospectively is no longer equitable; or (6) any other reason justifying
> relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion based on reasons (1), (2), or (3) of that rule must be

filed "no more than one year after the entry of the judgment or order or the date of the

proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff does not demonstrate that any of the grounds listed in the first five clauses of

Rule 60(b) apply. Rather, he seeks reconsideration of the Court's October 3, 2022, denial of his

previous request to proceed under a pseudonym. The Court therefore denies Plaintiff relief under Rule 60(b)(1) through (5).

To the extent that Plaintiff seeks Rule 60(b)(6) relief, such relief is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (internal quotation marks and citation omitted).

For the reasons discussed above, Plaintiff has also not demonstrated that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff Rule 60(b)(6) relief as to the Court's October 3, 2022, denial of Plaintiff's previous request to proceed under a pseudonym without prejudice to Plaintiff's filing a motion to proceed in this action under a pseudonym or under seal that is accompanied by both redacted and unredacted versions of an amended complaint filed in compliance with the Court's October 3, 2022, order.

## C.     Request to seal letter

The Court understands Plaintiff's letter as further requesting that the Court seal that letter – a letter that has already been docketed in the publicly available docket of this action. The Court must deny this request. Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). This right of access is not absolute, and "the decision as to access [to judicial records] is one best left to the sound

discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599 (footnote omitted).

The United States Court of Appeals for the Second Circuit has set forth a three-part analysis to determine whether a document relating to a lawsuit should be made available to the public. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must determine whether the document is indeed a "judicial document," to which the public has a presumptive right of access. *Id.* at 119. Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal quotation marks and citation omitted). Second, if the Court determines that the materials to be sealed are judicial documents, then the Court must determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Finally, "the court must balance competing considerations against" the presumption of access. *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotation marks and citation omitted). The fact that a document has been publicly available weighs against sealing it. *See United States v. Basciano*, Nos. 03-CR-0929. 05-CR-0060, 2010 WL 1685810, at *3-4 (E.D.N.Y. Apr. 23, 2010) (privacy interest in sealing documents was weakened by the fact that the public was already aware of the relevant information); *see also Moroughan v. Cnty. of Suffolk*, No. 12-CV-0512, 2021 WL 280053, at *4 (E.D.N.Y. Jan. 24, 2021) ("[G]iven the critical

nature of those issues in this litigation and their presence in other public documents, it is the

Court's view that the public has a strong interest in access to *all the evidence* surrounding those

issues in the Court's Opinion in order to allow the public to make their own assessment of the

parties' summary judgment arguments and the Court's decision.") (italics in original); *United*

*States v. Cohen*, No. 18-CR-0602, 2019 WL 3226988, at \*1 (S.D.N.Y. July 17, 2019) ("[T]he

involvement of most of the relevant third-party actors is now public knowledge, undercutting the

need for continued secrecy."). "The burden of demonstrating that a document submitted to a

court should be sealed rests on the party seeking such an action." *DiRussa v. Dean Witter*

*Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Courts within this Circuit have tended to treat a motion to seal as a judicial document that

is entitled to a strong presumption of public access. *McGill v. Univ. of Rochester*, No. 10-CV-

6697, 2013 WL 5951930, at \*11 (W.D.N.Y. Nov. 6, 2013), *aff'd*, 600 F. App'x 789 (2d Cir. 2015)

(summary order); *see also SEC v. Ahmed*, No. 3:15-CV-0675, 2020 WL 8812199, at \*3-4 (D.

Conn. July 10, 2020) (denying request to seal unredacted version of motion to seal); *Vineyard*

*Vines LLC v. MacBeth Collection, L.L.C.*, No. 3:14-CV-1096, 2019 WL 12024583, at \*6 n.6 (D.

Conn. Apr. 1, 2019) (Merriam, M.J.) ("The motion to seal itself should be filed on the public

docket and **not** under seal.") (emphasis in original); *cf. Doe v. Public Citizen*, 749 F.3d 246, 272

(4th Cir. 2014) (noting Fourth Circuit's requirement of "provid[ing] public notice of the sealing

request and a reasonable opportunity for the public to voice objections to the motion"); *Allegiant*

*Travel Co. v. Kinzer*, No. 2:21-CV-1649, 2022 WL 2819734, at \*3 (D. Nev. July 19, 2022) ("A

motion to seal itself should not generally require sealing or redaction because litigants should be

able to address the applicable standard without specific reference to confidential information.")

(Koppe, M.J.); *United States v.* Savage, No. 16-CR-0484-34, 2020 WL 7770982, at *4 (D. Md.
Dec. 30, 2020) ("By filing the motion to seal itself under seal, Petitioner has prevented [the]
public notice function that filing on the public docket normally provides. The motion and
exhibits will be unsealed."); *Szany v. City of Hammond*, No. 2:17-CV-0074, 2019 WL 3812492,
at *5 (N.D. Ind. Aug. 14, 2019) ("The motion to seal itself . . . is presumptively public because it
is a motion that the Court considered and ruled upon.").

The Court will treat Plaintiff's letter as a judicial document because it is "relevant to the
performance of the judicial function and useful in the judicial process," *Lugosch*, 435 F.3d at 119
(internal quotation marks and citation omitted), in that it explains to the Court Plaintiff's
arguments as to why Plaintiff believes the letter should be sealed or why he should be allowed to
proceed under a pseudonym, *see Szany*, 2019 WL 3812492, at *5. The Court must therefore
evaluate whether any countervailing factors outweigh the relatively strong presumption of public
access to the letter.

The contents of the letter are not sufficiently extraordinary to outweigh the presumption
in favor of public access to them. The facts alleged in the letter, especially as to Plaintiff's
medical condition, largely mirror those made in the complaint. In both of those documents,
Plaintiff has proceeded, without the Court's leave, under a pseudonym, though both of those
documents have been publicly available on the Court's docket of this action. Thus, while
Plaintiff's information has already been made public, which weighs against sealing the letter,
Plaintiff has enjoyed the protection of anonymity by continuing to proceed under a pseudonym
without the Court's leave. Such circumstances do not overcome the presumption of public access
to the letter. The Court therefore denies Plaintiff's request to seal his letter, but without prejudice

to Plaintiff's filing a motion to proceed in this action under a pseudonym or under seal that is accompanied by both redacted and unredacted versions of an amended complaint filed in compliance with the Court's October 3, 2022, order.

### D.    Application for immediate injunctive relief

The Court must deny Plaintiff's request for immediate injunctive relief. To obtain immediate injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm; and (2) either (a) a likelihood of success on the merits of his case, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani,* 230 F.3d 543, 547 (2d Cir. 2000) (citation omitted). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff asserts claims of violations of his federal constitution rights under 42 U.S.C. § 1983, as wells as claims under state law, that arise from Defendants Island Rehabilitation Services, Inc.'s; Lenox Hill Hospital's; or Joshua Schwimmer's (a physician) – Plaintiff's health-care providers – alleged request to the New York City Police Department ("NYPD") to conduct a "wellness check" on Plaintiff at his apartment on or about June 30, 2022, and the individual police-officer defendants' alleged actions while carrying out that "wellness check," including knocking on Plaintiff's door, calling out his name, speaking to his neighbors and to his building superintendent, but never entering his apartment. Plaintiff brings his application for immediate injunctive relief because of the health care-provider defendants' and their counsel's alleged

9

failure to provide him with copies of his medical records. Neither Plaintiff's complaint, nor any of his latest filed submissions, however, suggest a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiff's favor. Accordingly, the Court denies Plaintiff's application for immediate injunctive relief, but without prejudice to renewal of that application after Plaintiff has filed an amended complaint in compliance with the Court's October 3, 2022, order.

## CONCLUSION

The Court construes Plaintiff's letter (ECF 5) as a Local Civil Rule 6.3 motion for reconsideration of the Court's ruling, in its October 3, 2022, order, denying Plaintiff's previous request to proceed under a pseudonym. The Court also construes Plaintiff's letter (*id.*) as challenging the abovementioned October 3, 2022, ruling of the Court under Rule 60(b) of the Federal Rules of Civil Procedure. The Court further construes the letter (*id.*) to include a request to seal that letter. The Court denies all of those requests for relief without prejudice to Plaintiff's filing a motion to proceed in this action under a pseudonym or under seal that is accompanied by both a redacted and unredacted version of an amended complaint filed in compliance with the Court's October 3, 2022, order. In addition, the Court denies Plaintiff's application for immediate injunctive relief (ECF 6) without prejudice to renewal of that application after Plaintiff has filed an amended complaint in compliance with the Court's October 3, 2022, order.

The Court denies Plaintiff's request, in his letter (ECF 5), for a "stay" of the Court's October 3, 2022, order. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff an additional 30 days from the date of this order to file an amended complaint in compliance with the Court's October 3, 2022, order.

Defendants need not respond to Plaintiff's pleading until after Plaintiff has filed an amended complaint in compliance with the Court's October 3, 2022, order.

If Plaintiff does not file an amended complaint within the time allowed, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    October 26, 2022
          New York, New York

                                              /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge